# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL HUNTSMAN,<br><br>        Plaintiff(s),<br><br>v.<br><br>AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,<br><br>        Defendant(s). | 2:12-CV-1603 JCM (GWF) |

### ORDER

Presently before the court is plaintiff's, Michael Huntsman, motion to remand to state court. (Doc. # 4).

Plaintiff was involved in a vehicle accident on December 23, 2010. (*Id.*). At the time of the accident, plaintiff had an insurance policy with defendant. (*Id.*). Plaintiff filed a lawsuit against defendant in state court, case no. A-12-666937-C, with the following two causes of action: breach of contract, and; unfair claims practices in violation of NRS § 686A.310(1)(f).

Defendant is a Missouri corporation and plaintiff is a citizen of Nevada. (Doc. # 1). Defendant removed the action to this court solely on the basis of diversity jurisdiction. 28 U.S.C. § 1332(a) provides that a federal court shall have original jurisdiction when the amount in controversy exceeds $75,000 and complete diversity exists between the partes. Plaintiff timely filed a motion to remand. (Doc. # 4).

**James C. Mahan**
**U.S. District Judge**

1     Both parties appear to agree that complete diversity exists between them. Defendant's
2 petition for removal states that "upon information and belief, [p]laintiff is seeking damages from
3 [defendant] in excess of $75,000." (Doc. # 1). Plaintiff's state court complaint does not allege a
4 damages amount. (Doc. # 1, Exh. A). Plaintiff's motion to remand states that defendant "only
5 insures [plaintiff] for $50,000, and [defendant] has not provided evidence that a jury would award
6 more than that amount." (Doc. # 4).

7     Defendant has not responded to plaintiff's motion, and, pursuant to local rule 7-2(d), this
8 court could remand the case back to state court on that basis alone. Additionally, this court must
9 "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d
10 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the
11 defendant always has the burden of establishing that removal is proper." *Id.* "If it is *unclear* what
12 amount of damages the plaintiff has sought . . . then defendant bears the burden of actually proving
13 the facts to support jurisdiction, including the jurisdictional amount." *Id.* (alteration in original).

14    Here, defendant has not even responded to plaintiff's motion to remand. In the scheduling
15 order, signed by both parties, defendant acknowledges the pending motion to remand. (Doc. # 11).
16 Defendant elected not to respond to plaintiff's claims that the insurance policy is capped at $50,000.
17 Defendant has not met its burden. Therefore, this court does not have diversity jurisdiction and the
18 case is remanded back to state court.

19    Accordingly,

20    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
21 remand (doc. # 4) be, and the same hereby is, GRANTED.

22    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this matter be, and the
23 same hereby is, REMANDED to state court due to this court's lack of subject matter jurisdiction.

24    DATED October 23, 2012.

                                    *[signature]*
                                    UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**